[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action arising out of a contract entered into between the plaintiffs and the defendant to construct improvements to the plaintiffs' home, including renovation of the existing structure, construction of an addition, and construction of several outdoor decks. The original contract was dated October 26, 1992. There was a written agreement to perform additional work, dated November 10, 1992, and a further written agreement for additional work, dated November 24, 1992. Additional work was performed for which there was no written contract. In February of 1993, when the work was not yet completed, the defendant claimed that the plaintiffs owed him additional money. When the plaintiffs refused to pay him any additional money, he left the job uncompleted. The court finds from the evidence presented that the defendant has been paid in full for all work performed and all materials provided by him under the contracts between the parties.
The original contract, dated October 26, 1992, provides that all work was to be performed in accordance with the specifications submitted and completed in a substantial workmanlike manner. The parties are in dispute as to whether the CT Page 16 work performed by the defendant was done in a workmanlike manner. The court finds that the following work was not performed in a workmanlike manner for which the plaintiffs will be required to expend the following sums to correct such work: (1) improper pouring of footings — $1800; and (2) improper deck construction — $900.
The defendant ordered materials for the contract from Matz Lumber totalling $840.56 which he did not pay for and for which a mechanic's lien was placed on the plaintiffs' property. The defendant, therefore, is also responsible for paying the plaintiffs that sum of money.
The defendant failed to complete the installation of the hardwood floors which required sanding and finishing for which the plaintiffs expended $550 which was the reasonable amount required to complete the installation of the floors.
The plaintiffs were required to purchase material totalling $343.09 for materials the defendant was required to provide under the contract. In addition, the plaintiff, David Geisler, performed labor himself to complete work that was not completed by the defendant. The total number of hours spent by the plaintiff was approximately 150. Included in the 150 hours was approximately 70 hours that he spent doing Sheetrocking work during the period of time that the defendant was still on the job. The court is disallowing that 70 hours, but is allowing the 80 hours for the remaining work that the plaintiff did that was supposed to have been done by the defendant, and is allowing $10 per hour for that work for a total of $800. In addition, the defendant failed to properly install flashing around the chimney for which the plaintiff paid $185. Further, the defendant failed to complete the taping of the Sheetrock for which the plaintiff incurred an expense of $200. Both the flashing expenses and the taping expenses incurred by the plaintiffs were reasonable sums spent by them. In summary, the total damages allowed for the plaintiffs against the defendant consists of the following:
(a) improper pouring of footings — $1800.00
(b) improper deck construction — $900.00
(c) failure to pay for material — $840.56
(d) materials purchased by plaintiff — $343.09 CT Page 17
(e) labor by plaintiff — $800.00
(f) sanding and finishing of hardwood floors — $550.00
(g) correction of flashing around chimney — $185.00
(h) taping — $200.00
TOTAL DAMAGES ALLOWED TO THE PLAINTIFF: $5618.65
Judgment may enter in favor of the plaintiffs against the defendant for the sum of $5618.65 plus costs.
Axelrod, J.